**RONALD JOSEPH, et al., Plaintiffs**

v.

**GENEVIEVE ROBERTS MARSH, et al., Defendants**

Civil No. 779/1987

**IN THE MATTER OF THE ESTATE OF DASSILDA L. JOSEPH, DECEASED**

Probate No. 33/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 7, 1987

MARIO E. BRYAN, ESQ., St. Thomas, V.I., *for plaintiffs*

STAFFORD HILAIRE, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Senior Sitting Judge*

## ORDER

Before the Court is a Motion for Reconsideration of the Court's Interlocutory Order dated November 13, 1987, addressing and deciding the issue of who inherited Property No. 4 Estate Carolina, Coral Bay Quarter, St. John, U.S. Virgin Islands, aka "Robertsville" (the Property), presently owned of record by the deceased Nellerine Roberts (Nellerine). The Motion will be denied.

Nellerine became fee simple owner by deed dated February 14, 1925. She died intestate in 1933. Therefore, the devolution of her property is governed by the applicable provisions of the 1921 Code of Laws of the Municipality of St. Thomas and St. John.[1] These provisions varied in many respects in the Codes of the two jurisdictions.

But both codes provided identical provisions creating the estate of curtesy: that "[w]hen any man and his wife shall be seized in her right of any estate of inheritance in lands, the husband shall on the death of his wife hold the lands for his life as tenant thereof by the curtesy, although such husband and wife may not have had issue born alive." Title II, Chapter 12, Section 1, 1921 Code of Laws of that part of the Virgin Islands referred to later in the 1936 Organic Act as the Municipality of St. Thomas and St. John and the Code of Laws of that part of the Virgin Islands referred to in the Act as the Municipality of St. Croix.

---

[1] The statute law of the Virgin Islands in 1933 consisted of two Codes, the Code of Laws of the Municipality of St. Thomas and St. John applicable to lands situate in those islands and the personal property of deceased persons who were domiciled in those islands at the time of death; and a separate Code applicable in like manner to land situate in St. Croix and domiciliaries of St. Croix at the time of death. (The Codes.)

Indisputably, this section gives a life interest in all of the land in question left by Nellerine, the Property, to the surviving husband for the duration of his life.

In their Motion for Reconsideration of the Court's Interlocutory Order dated November 23, 1987, and Plaintiffs' Memorandum of Law in support thereof, they agree with the Court that the surviving husband is by virtue of this section entitled to this life interest. However, they moved the Court to reconsider the position the Court further takes, that in addition to said life interest, fifty percent of the remainder in fee to the property descended upon the death of the wife to, and was inherited by, the surviving husband.

The Court based its position on this issue on the applicable provisions of the applicable 1921 Code, which reads in pertinent part as follows: "If the intestate shall leave no lineal descendants . . . . [and] if the intestate be a married woman, the half of such property shall descend to her husband, and the other half to her father, and/or mother, or to her brothers and sisters, and the issue of any deceased brother and sister by right of representation in the order herein mentioned." Title II, Chapter Sixteen, Section 1(2), Code of Laws of St. Thomas and St. John. The intestate left a husband, Desmond Roberts, no father, no mother, no brothers, and only one sister, Dassilda.

But the plaintiffs contend that no grant or vesting of a fee interest in the surviving husband shall result by virtue of this section; that these two provisions of the statute—Chapter 12, dealing with Curtesy, and Chapter 16, dealing with Descent of Real Property— should be read and construed to the effect that the surviving husband is entitled to receive only the Curtesy life interest by virtue of Chapter 12, but nothing under any circumstances by virtue of Chapter 16. As authority in support of this view, that the Court should obey the statutory mandate of Chapter 12, but disregard the statutory mandate of Chapter 16, they cite Sections 54, 75, 84, and 93 of the Restatements of the Law 2d and provisions of American Jurisprudence.

Both Codes also contained identical provisions as to the descent of the realty left by the deceased where he or she left a child, children or other lineal descendants, as follows: "In equal shares to his or her children and to the issue of any deceased child by right of representation; and if there be no child of the intestate living at the time of his or her death, such real property shall descend to all his or her other lineal descendants; and if all such descendants

are in the same degree of kindred to the intestate, they shall take such real property equally; or otherwise they shall take according to the right of representation." Title II, Chapter 16, Section 1(1) of the Codes.

But at this point in the heirship of the decedent, the Codes part company. Where the Code of St. Thomas and St. John applied, that is, where the situs of the land left or the domicile of the decedent leaving personal property was St. Thomas and St. John, and no children or other lineal descendants were left, and the intestate was a married woman, as indicated earlier, half of the remainder in fee following the end of the curtesy life interest becomes a part of the estate left by the surviving husband, and the other half is inherited by the widow's father and/or mother, or by his brothers and sisters and the issue of any deceased brother and sister by right of representation in the order herein mentioned. Section 1(2) [St. Thomas and St. John] id. But in St. Croix, where there were no children or other lineal descendants left by the deceased owner in fee, the surviving spouse, husband and wife, took the whole of the remainder in fee.[2]

■■ It should be clear from the foregoing two canons of descent that while all the husband gets if his deceased wife leaves a child or children, or other descendants is his curtesy estate, but where she dies leaving no such descendants, the husband gets a larger share of the estate; he partakes in the estate of inheritance, the fee. Where plaintiffs seem to become derailed in their reasoning is they take the position that since the husband is dead, his life (curtesy) estate having ended, he is incapable of inheriting anything. But he is not inheriting anything at this time; this part of the fee interest became his vested property, eo instanti, from the date of the death of Nellerine in 1933. And it appears to be very reasonable and just that where there are no lineal descendants the Legislature decided to give the surviving husband a larger share of the estate. It also appears to be just and proper for the Legislature to give a larger share of the estate to lineal descendants than to lineal ascendants or collateral heirs of the deceased. Traditionally, the law has always

---

[2] "If the intestate shall leave no lineal descendants, such real property shall descend to his wife; or if the intestate be a married woman and leave no lineal descendants, then such real property shall descend to her husband; and if the intestate leave no wife nor husband, then such real property shall descend to his or her father, and, or, mother." Title II, Chapter Sixteen, Section 1(2) [St. Croix Code].

shown a preference for descending over ascending heirs, and for lineal heirs over collateral heirs.

 It must be remembered that the law of descent and distribution applicable to the case is the law in force and effect in the particular jurisdiction on the date of death of the deceased; that while Curtesy deals with the life interest in the property, the law of descent deals with the fee or estate of inheritance; that the title to the real estate once vested by operation of law, in this case in 1933 on the date of Nellerine's death, cannot be divested except by due process of law, i.e., by legal transfer by the owner, condemnation, etc.; that it is the duty of the Court to enforce all and not some of the provisions of the statute; that when the fee holder, Nellerine, died in 1933, the Restatements of the Law were not applicable to the Virgin Islands, they becoming applicable not until September 1, 1957, by virtue of Title 1, Section 4 of the Virgin Islands Code; that even if the Restatements were applicable in determining the rights of the parties to the property, the Restatements are limited in their application to and "shall be the rules of decision in the Courts of the Virgin Islands, in cases to which they apply, [only] in the absence of local laws to the contrary"; and, finally, that the authorities cited by and in American Jurisprudence are at best persuasive, and then only where there does not exist legal authority of superior force and effect, e.g., as exists in this case, statutory law directly governing the subject at hand.

Plaintiffs have been so cavalier in their contentions as to the rule of law applicable to the case before us that we have elected to make a further comment on their presentation. They contend the Restatement of Property (Vol. 1) makes at least four references to curtesy in Sections 54, 75, 84, and 93, and the "comments following each of these sections make it clear that curtesy and dower are provisions for the surviving spouse, allotted from assets of the deceased spouse, and that these provisions are for the life of the surviving spouse, and that following the death of the surviving spouse, the entire interest in the property so allotted passes to the issue of the spouses." It is true that curtesy and dower make provisions for the duration of the lifetime of the spouses only. But it does not, cannot, follow that in all cases following the death of the surviving spouse the remainder falls to the issue of the spouses. Suppose a valid Will is left that says otherwise? Suppose, as in the present case, the law applicable to the case says otherwise? If the

78

property had its situs in St. Croix, for example, the plaintiffs would fare much worse under the heirship fact situation of this case. According to the lex situs in 1933, Title II, Chapter Sixteen, Section 1(2) of the St. Croix Code, the surviving husband of Nellerine would take the entire remainder in fee, not just a half thereof, and consequently, Dassilda, the sister of Nellerine, and thus her heirs at law, the plaintiffs herein, would take nothing whatever. See Footnote 2 hereof.

Plaintiffs further contend that since the Curtesy Law in effect on the date of death of Nellerine, the 1921 Code, Chapter 12, did not require issue born alive to the spouses as a prerequisite to the existence and enjoyment of these life estates to the spouses, it necessarily follows that "the remainder following the surviving spouse's life estate vests in the heirs of the title holder, *excluding the surviving spouse*." This is clearly a non sequitur. It does not follow as surely as night follows day that because the statute does not prescribe the aforesaid prerequisite to the existence and enjoyment of the estate of curtesy or dower, that on the death of the surviving spouse enjoying the life interest, the remainder is inherited exclusively by the heirs of the deceased record owner in fee. Again, we ask suppose the decedent left a valid Will saying otherwise, or as in the case sub judice the applicable law in effect on the date of death of the record owner says otherwise, in the absence of a valid Will? Or, suppose there is no issue of the title holder, i.e., children or their descendants, lineal descendants, heirs of the body, or progeny of the deceased, does there result a failure of all heirs, including ascending lineal heirs and descending and ascending collateral heirs, and therefore the property shall escheat to the Government? The answers to these questions should be axiomatic, self evident.

■ But the short answer to this contention is if the legal authority on which plaintiffs' position is predicated is the Restatements, the Restatements were not the rule of law in the territory in 1933, the year of the death of the deceased; they did not acquire that status until September 1, 1957; and then they enjoy that status only where not in conflict with local law. In the case sub judice, we need not consider the question of whether a conflict existed, for the Restatements are a nonfactor. In fact, a careful reading of the aforesaid Sections 54, 75, 84, and 93 will indicate that all these sections say is the estates of curtesy and dower will exist as such for a single lifetime only although the estates out of

which they arise are fee simple defeasible (Section 54), fee simple conditional (Section 75), fee tail (Section 84), or fee tail preserved (Section 92),[3] and they are subject to the foibles and hazards of the estates out of which they arise, and on the existence of which their existence depends.

For the foregoing reasons, plaintiffs' Motion to Reconsider the Court's aforesaid Order dated November 13, 1987, is Denied.

---

[3] Because the aforesaid Sections 84 and 93 of the Restatements referred to entailed estates, it might be appropriate to note that "no entailed estates shall be valid in the Virgin Islands . . . ." 28 V.I.C. § 7(e).